## No. 8013.

### JOHN LANE vs. THE SUN MUTUAL INSURANCE COMPANY.

Where a policy of insurance on buildings issues to a party, but the loss is, by the terms of the policy, made payable to another, who, the evidence shows, holds a special mortgage on the property, the party to whom the policy issues cannot alone and without authorization from the beneficiary maintain a suit to recover the loss.

Where, in the same policy, a lot of furniture is insured on account of another party, the suit to the extent of the loss on the furniture will be maintained in the name of the policy holder where it is shown that such beneficiary has authorized the suit for his benefit and his ownership of the furniture is proved.

APPEAL from the Fourth District Court for the Parish of Orleans. Houston, J.

Lane vs. Insurance Company.

*W. B. Lancaster* and *J. C. Coleman* for Plaintiff and Appellee.

*Leovy & Kruttschnitt* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The plaintiff sues for $1,300, interest and costs, the amount of a policy of fire insurance, under which a total loss is alleged to have occurred.

Among other defenses urged in the answer is, that the loss, if any, was by the stipulations of the policy made payable to one John R. Clay, and that the insurance on the furniture mentioned in the policy was by the terms thereof made on account of one William Boyce, and defendant denies that the plaintiff is entitled to any part of the indemnification therefor, and avers that he is absolutely without right or interest to sue for the same.

From a judgment in favor of the plaintiff the defendant appeals.

The property insured consisted of a dwelling house, kitchen, two cisterns and a lot of furniture.

The loss is not disputed except as to the cisterns, of the destruction of which it is averred there is no evidence.

An examination of the policy shows that the loss, as charged in the answer, is made payable to John R. Clay, and the furniture insured for account of Boyce, and the evidence shows that Clay had a special mortgage on the property still unpaid, and that Boyce was the owner of the furniture.

Plaintiff does not sue as the mandatory of either of these parties, but claims judgment for the loss in favor of himself.

The Code of Practice provides (Art. 15) that " an action can only be brought by one having an actual interest which he pursues."

The plaintiff, notwithstanding the stipulations of the policy, may have an interest in the loss, on which point we express no opinion, but that interest, if any, is indeterminate in the absence of other parties interested and in the face of the stipulation that the loss was to be paid to Clay, and in view of the fact that Clay, or the representative of his apparent interest, is not a party to the suit, it becomes a matter of impossibility in this action to determine and adjust the respective rights and interests of the parties, which the court below endeavored to do by its judgment. Had Clay, or the representative of his claim, been a party to the suit, a larger interest than allowed by the judgment might have been shown in his favor.

There is no pretense that Clay, or the holder of his interest in the policy, has authorized this suit and the recovery of the loss, or any part thereof, for his benefit.

To the extent of the loss on the buildings upon which Clay's mortgage operated, it is clear that plaintiff has no right to maintain this action singly and in his own right, and this part of the demand must be dismissed.

As to the insurance on the furniture the case is different. As stated, the policy shows that it was insured on account of Boyce, and the evidence establishes that the furniture belonged to him, and that he authorized the plaintiff by this suit to claim and recover the loss thereof for his benefit. The defendant Company is, therefore, protected from any claim of Boyce on this account to be asserted by another suit or otherwise, and for the amount of the loss in this respect and to this extent the plaintiff is entitled to a judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court, so far as it awards any sum to the plaintiff on account of the loss of the buildings and cisterns described in policy of insurance set forth in the petition, be reversed, and the demand to that extent be dismissed as of non-suit, with a reservation of the rights of all parties therein, and that in awarding a recovery for the loss of the furniture to the amount of two hundred and fifty dollars and interest from the time therein stated, that it be affirmed. The cost of the lower court to be paid by the defendant, and of the appeal by the plaintiff.